UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 18-41981 |
| **TELL MY PEOPLE, INC.,**[1] | § | |
| | § | |
| Debtor. | § | CHAPTER 11 CASE |

EMERGENCY MOTION OF THE DEBTOR FOR
AUTHORITY TO SELL NON-RESIDENTIAL REAL PROPERTY
AND ASSUME REAL ESTATE LISTING AGREEMENT

**COMES NOW** Tell My People, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), and hereby moves the Court, pursuant to sections 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and local rules and guidelines (the "**Local Rules**") of the United States Bankruptcy Court for the Eastern District of Texas (the "**Bankruptcy Court**"), for the entry of an order approving the sale of certain real property of the Debtor and the Debtor's assumption of a real estate listing agreement. In support of this Motion, the Debtor would respectfully state as follows:

**Background**

1.  On September 3, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"). The Debtor is managing its property and affairs as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor's founder and President is Helen Lynch (the "**President**"), who

---

[1]    Tell My People, Inc.'s federal employer identification number is 75-1513793.

founded the Organization in 1976. The President has dedicated a substantial amount of her personal resources for almost a half a century toward advancing the mission of the Organization.

3. The Debtor employs approximately 6 people, including the President. The Debtor also owns the building and land, located at 12928 St. John Rd., Pilot Point, Texas 76258 (collectively, the "**Property**"), where it advances its mission.

*Legal Dispute*

4. Prior to the Petition Date, the Debtor had hired Shady Oaks Nursery & Landscape LLC ("**Shady Oaks**"), to make certain improvements on the student housing facility on the Property. The materials, labor and services provided by Shady Oaks proved to be subpar, at best, and, in fact, and caused significant damage to the Property. Accordingly, the Debtor, which faced having to substantially repair the Property, did not pay Shady Oaks all that it claimed to be owed, which amount was alleged to be $226,908.52 (the "**Disputed Balance**").

5. On or about May 19, 2017, Shady Oaks commenced a lawsuit against the Debtor styled *Shady Oaks Nursery & Landscape, et al. v. Tell My People, Inc.*, Cause No. 17-4120-158, pending in the 158th Judicial District Court of Denton County (the "**Lawsuit**"), alleging that the Debtor improperly withheld the Disputed Balance.

6. Due the Debtor's inexperience with litigation matters in its entire 40+ years of existence and lack of counsel, Shady Oaks obtained essentially a default judgment against the Debtor, in the principal amount of $160,125.00 (the "**Default Judgment**"), when the Debtor did not appear at trial in the Lawsuit. The Default Judgment provides that Shady Oaks has a materialman's lien on the Property and is entitled to foreclose its interests in the Property after conducting a foreclosure sale.

7. Shady Oaks has scheduled the foreclosure sale for the Property on September 4,

2018. This foreclosure sale necessitates this bankruptcy filing.

*Sale of Property*

8. On or about July 13, 2018, prior to the Petition Date, the Debtor entered into a Residential Real Estate Listing Agreement (the "**Listing Agreement**"), pursuant to which the Debtor retained Caldwell Banker Residential Brokerage (the "**Broker**") to sell the Property in an arms-length transaction, for the highest and best offer. A true and correct copy of the Listing Agreement is attached hereto as **Exhibit A** and incorporated herein by reference. The listing price under such agreement is $1.79 million. The term of the Listing Agreement is from July 18, 2018 through January 31, 2019 (the "**Term**"). Pursuant to the Listing Agreement, if the Broker is successful in selling the property, it shall be entitled to a commission of up to 6% of the proceeds of the sale. The Broker has been marketing the Property for sale since July 18, 2018.

9. The Property is no longer desirable for several reasons. First, the Debtor has determined that in order to expand it ministry, it needs a location with more parking space and usable interior space. The Debtor started looking for alternate locations several months ago. Second, because of blatant defects created by a vendor that was hired to add a new student housing facility on the Property, the Debtor has expended a significant amount of money to partially repair such defects and has been informed that it will be required to spend a significant amount more to further repairs and preserve the value of the student housing facility. The Debtor believes that it can find a more practical facility without so many problems.

## Legal Basis for Relief Requested

*Sale Outside of Ordinary Course of Business*

10. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A debtor must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g.*, *Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Martin*, 91 F.3d 389 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

11. Courts typically consider the following factors in determining whether a proposed sale meets this standard:

    (a) whether a sound business justification exists for the sale;

    (b) whether adequate and reasonable notice of the sale was given to interested parties;

    (c) whether the sale will produce a fair and reasonable price for the property; and

    (d) whether the parties have acted in good faith.

*In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991).

12. The Debtor possesses ample and sound business reasons for selling the Property at this time. As mentioned, the Debtor has decided to expand its ministry. In order to do so, it needs a larger parking area and more usable indoor space. The Debtor believes that, by relocating to a different facility, it will be able to accomplish its goal and therefore bring more benefit to more people. In addition, the Debtor had expended significant resources in repairing defects to construction that was performed on the Property. The Debtor believes that its limited resources would be better served by finding a new location with less defects.

13. The Debtor also believes that it is in the best interest of its estate, and will result

in the highest and best offers for the Property, if the proposed sale continue under the Listing Agreement, without any interruption.

*The Proposed Sale Satisfies the Requirements of*
*Bankruptcy Code Section 363(f) for a Sale Free and Clear*

14. The Debtor requests approval to sell the Property free and clear of any and all liens, claims, interests and encumbrances (except for any assumed liabilities) in accordance with section 363(f) of the Bankruptcy Code. Pursuant to section 363(f), a debtor in possession may sell estate property "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

> (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (b) such entity consents;
>
> (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (d) such interest is in bona fide dispute; or
>
> (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see Citicorp Homeowners Serv., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (because section 363(f) is written in the disjunctive, a court may approve a "free and clear" sale even if only one of the subsections is met).

15. The Debtor submits that the sale of the Property will satisfy the requirements of section 363(f) of the Bankruptcy Code. First, applicable law permits the sale of the Property, pursuant to section 363(f)(1).

16. Second, the Property is proposed to be sold at a price that exceeds any interests that are claimed in the Property, pursuant to section 363(f)(3). Two parties claim a security

interest in the Property.[2] First, the lenders who financed the sale of the Property to the Debtor are owed approximately $462,915.94, which is secured by a deed of trust, dated June 25, 2015. Second, a vendor that purportedly made improvements on the Property claims a security interest in the amount of $160,125.00. Both debts added together equal $623,040.94, which is substantially less than the current listing price of the Property. So, if the Property is sold at anywhere close to its listing price, it will generate enough proceeds to satisfy any parties with a valid interest in the Property.

17. Third, both the secured lenders and the vendor who claims an interest can be compelled to accept money in satisfaction of their asserted interests. This satisfies section 363(f)(5) of the Bankruptcy Code.

18. Accordingly, the Debtor believes that the sale of the Property (i) will satisfy the statutory prerequisites of section 363(f) of the Bankruptcy Code and (ii) should be approved free and clear of all liens, claims, interests and encumbrances. The Debtor therefore requests that the Court allow it to assume the Listing Agreement and proceed with the sale of the Property under the terms of such Listing Agreement.

**Requests for Immediate Relief & Waiver of Stay**

19. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtor requests that

---

[2] Nothing in this Motion constitutes an admission that any property interests in the Property cannot be avoided under applicable bankruptcy laws. The Debtor expressly reserves the right to seek avoidance of any interests claimed in the Property, notwithstanding this Motion.

the proposed sale be effective immediately upon their entry by providing that the fourteen (14) day stay under Bankruptcy Rules 6004(h) and 6006(d) is waived.

20. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, Collier on Bankruptcy suggests that the fourteen (14) day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy, ¶ 6004.11 (L. King, 16th rev. ed. 2011). Furthermore, Collier's provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. Id.

21. Accordingly, the Debtor hereby requests that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

## Notice

22. Notice of this motion has been given to: (i) the Office of the United States Trustee for the Eastern District of Texas; (ii) all of the Debtor's secured and unsecured creditors; and (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

## No Prior Request

23. No prior request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, the Debtor respectfully request that the Court enter an order approving

the sale of the Property, in substantially the form attached hereto, and grant such other and further relief to the Debtor as the Court may deem proper.

Dated: September 3, 2018                                                  Respectfully Submitted,

                                                               **FISHERBROYLES, LLP**,

                                                By ___*/s/ H. Joseph Acosta*_____
                                                      H. Joseph Acosta
                                                      State Bar No. 24006731
                                                      Highland Park Place
                                                      4514 Cole Avenue, Suite 600
                                                      Dallas, Texas 75205
                                                      Tel: 214-614-8939
                                                      Fax: 214-614-8992
                                                      joseph.acosta@fisherbroyles.com

                                          **PROPOSED COUNSEL TO DEBTOR**
                                          **AND DEBTOR IN POSSESSION**

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that on September 3, 2018, he served the foregoing Motion to Sell Non-Residential Real Property *via* U.S. First Class Mail on the parties listed in the attached service list.

                                                      */s/ H. Joseph Acosta*
                                                      H. Joseph Acosta

Alma Garcia
12928 Saint John Rd.
Pilot Point, TX 76258

Arnoldo Garcia
12928 Saint John Rd.
Pilot Point, TX 76258

Carol McAdams
7057 Elmridge Drive
Dallas, TX 75240

Coldwell Banker (c/o Crystal Pienaar)
5950 Sherry Ln. #200
Dallas, TX 75225

Dorothy Pogue
848 Pr 8220 Unit 2
Kenedy
TX 78119

Helen Lynch
12928 Saiint John Rd.
Pilot Point
TX 76258

Helen Lynch
12928 Saint John Rd.
Pilot Point, TX 76258

Shady Oaks Nursery & Landscape
LLC c/o Jaime Fernandez
6508 Crestmoor Lane
Garland, TX 75048

Jacob D. Thomas
Saunders, Walsh & Beard
6850 TPC Drive, Suite 210
McKinney, TX 75070

Joel Fernandez
700 Vallejo Ave. #104
Roseville, CA 95678

Lyris Garza
6000 Eldrorado Pkwy
Frisco, TX 75033

Mel Coleman
1420 Dunsford Way
Broomfield
CO 80020

Pedro Suarez
12928 Saint John Rd.
Pilot Point, TX 76258

Russell and Harlene Rowe
20 Palermo Walk
Long Beach, CA 90803

Shady Oaks Nursery & Landscape
c/o Jack Garland, Esq.
1155 Dairy Ashford, Ste. 104
Houston, TX 77079